**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

03 12512 EFH

*FILED*

2003 DEC 15 P 2:22

U.S. DISTRICT COURT
DISTRICT OF MASS.

MAGISTRATE JUDGE Alexander

| | |
|---|---|
| CINDY G. McDONOUGH, | ) |
| individually and on behalf of all others | ) |
| similarly situated, | ) |
| Plaintiff | ) |
| | ) |
| v. | ) |
| | ) |
| RISK MANAGEMENT ALTERNATIVES, INC., | ) |
| Defendant | ) |

150  52525

SUMMONS ISSUED ☑
LOCAL RULE 4.1
WAIVER FORM
BY DPTY CLK. LO.M
12/15/03

## COMPLAINT

### PRELIMINARY STATEMENT

1.    This action is instituted in accordance with and to remedy Defendant's violations

of the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereafter "FDCPA"),

as well as its violations of related State law obligations brought as supplemental claims hereto,

including those under the Massachusetts debt collection laws, M.G.L. ch. 93 § 24, *et seq.*, the

Massachusetts Banking Commissioner's Regulations promulgated thereunder, 209 C.M.R.

18.00; and the Massachusetts Consumer Protection Act, M.G.L. ch. 93A and the Attorney

General's General Regulations promulgated thereunder, 940 C.M.R. 3.00, which prohibit debt

collectors from engaging in abusive, deceptive, and unfair practices.  Plaintiff brings this action

both individually on her own behalf and as a class action on behalf of all other persons similarly

situated, to recover damages for herself and to enjoin defendant's unlawful conduct as it affects

all other consumers residing withing the Commonwealth of Massachusetts.

Defendant's mistreatment of the Plaintiff was in fact indiscriminate, occurring in the

regular course of its debt collection business whereby it treated the Plaintiff in the same general

manner as it treats other consumers who are the objects of its collection efforts.  The Plaintiff

therefore seeks hereby to recover actual, statutory and treble damages on behalf of herself,

individually, as well as declaratory and equitable relief on behalf of the class which she seeks to represent, together with reasonable attorney's fees and costs.

## JURISDICTION

2.      Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), 28 U.S.C. §§ 1331 and 1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. § 1367.

## PARTIES

3.      Plaintiff, Cindy G. McDonough is natural person residing in Attleboro, Massachusetts.

4.      Defendant Risk Management Alternatives, Inc. (hereafter "RMA") is a Delaware corporation with a place of business at 5230 Washington Street, West Roxbury, Massachusetts, and is engaged in the business of collecting debts in Massachusetts.  Defendant regularly attempts to collect debts alleged to be due another and is a debt collector as that term is defined in FDCPA § 1692a(6).

5.      On information and belief, Defendant RMA's agents who communicated with the Plaintiff or were otherwise involved in the conduct described herein were at all relevant times employees or agents of Defendant RMA acting within the scope of their employment or agency.

## FACTUAL ALLEGATIONS

6.      In or about June or early July, 2003, a male agent of Defendant telephoned Plaintiff demanding payment of an alleged debt to Capital One in a threatening and aggressive manner.

2

7.    On or about July 14 or 15, 2003, an agent of Defendant identifying himself as Curtis Tutson (hereafter "Tutson") telephoned Plaintiff and engaged the Plaintiff in a conversation concerning the alleged debt described above, in an attempt to collect the debt.

8.    In the course of the above-referenced telephone conversation, Tutson pressured Plaintiff to orally authorize a check, for partial payment of the alleged debt, in the amount of $801.00 to be drawn on Plaintiff's checking account at Citizens Bank, jointly held with her husband William McDonough.

9.    In the above-referenced telephone conversation, Tutson represented that if Plaintiff authorized a check for $801.00, her account would be reinstated with Capital One and Defendant would no longer be collecting on the account.

10.    In the above-referenced telephone conversation, Plaintiff informed Tutson that she did not have sufficient funds at that time in her checking account to cover a check for $801.00 and would not have sufficient funds until the end of the month when her husband's paycheck was direct-deposited into the account.

11.    In the above-referenced telephone conversation, Tutson pressured Plaintiff to orally authorize a post-dated check for the amount of $801.00 to be drawn on Plaintiff's checking account at Citizens Bank.

12.    In the above-referenced telephone conversation, Plaintiff authorized Defendant to draw a post-dated check, number 382, dated July 31, 2003, for the amount of $801.00 on Plaintiff's checking account at Citizens Bank.

13.    On or about July 17 or 18, 2003, Plaintiff telephoned Defendant and spoke with an agent of Defendant who identified himself as "Mr. Torez" (hereafter "Torez").

3

14.    In the above-referenced telephone conversation, Plaintiff told Torez that she was withdrawing her authorization for the post-dated July 31, 2003 check. Plaintiff offered to authorize a post-dated check, dated July 31, 2003, for $200.00 instead.

15.    In the above-referenced telephone conversation, Torez responded to Plaintiff that she could "keep [her] $200.00" and that if she did not pay $801.00, Defendant would take "pre-legal action."

16.    Plaintiff never authorized any further checks to be drawn by Defendant on Plaintiff's checking account at Citizens Bank.

17.    On the afternoon of July 18, 2003, Plaintiff's husband, William McDonough, telephoned Defendant and left a message on Tutson's voice mail confirming that Plaintiff and he had withdrawn their authorization for any check to be drawn by Defendant on their account at Citizens Bank.

18.    On or about July 18, 2003, Defendant made presentment to Citizens Bank for payment a check number 382 drawn on Plaintiff's checking account in the amount of $801.00 with a date of July 16, 2003 (hereafter "first check"). A copy of this first check is attached hereto as **Exhibit 1**.

19.    This first check bears the signature of an agent of Defendant and claims to be the "Authorized Signature for Cindy Gaudreau McDonough."

20.    Citizens Bank paid the first check number 382 for $801.00 to Defendant on July 18, 2003.

21.    Payment of above-described check number 382 caused an overdraft of Plaintiff's checking account, resulting in additional, subsequent overdrafts and returned checks for which Citizens Bank charged Plaintiff fees totaling $245.00.

4

22.     On or about July 31, 2003, Defendant made presentment to Citizens Bank for payment a **second** check number 382 (hereafter "second check") drawn on Plaintiff's checking account in the amount of $801.00 with a date of July 31, 2003. A copy of the second check is attached hereto as **Exhibit 2**.

23.     On information and belief, the second check bears the signature of an agent of Defendant and claims to be the "Authorized Signature for Cindy Gaudreau McDonough."

24.     Citizens Bank paid the above-described check number 382 for $801.00 to Defendant on August 4, 2003.

25.     Payment of the second check caused another overdraft of Plaintiff's checking account, resulting in additional overdrafts and returned checks for which Citizens Bank initially charged Plaintiff fees.

26.     Citizens Bank later credited Plaintiff's account for $801.00 for the second check Citizens had paid and for the fees that resulted from the second check only.

27.     As a result of Defendant's continuing attempts to make unauthorized withdrawals by check from Plaintiff's checking account, Plaintiff had to close her account and open another account in order to prevent Defendant from making additional unauthorized withdrawals.

28.     The actions and conduct of Defendant described above were undertaken by it willfully, maliciously, intentionally, knowingly, and/or in gross or reckless disregard of the rights of the Plaintiff.

29.     Indeed, the actions and conduct of Defendant described above were undertaken by it indiscriminately and persistently, as part of its regular and routine debt collection efforts, and without regard to or consideration of the identity or rights of the Plaintiff or other persons who have been the objects of its collection practices.

5

## CLASS ACTION

30.    This action is maintained as a class action, for injunctive and other equitable relief
only, on behalf of the following described class: All consumers residing in the Commonwealth of
Massachusetts who, commencing four years before the date of filing of the **Complaint** in this
action, have been or will be the objects of Defendant's unlawful debt collection efforts.

31.    This action is appropriately maintained as a class action as the class is so
numerous that joinder of all members is impracticable, there are questions of law or fact common
to the class, the claims of the representative parties are typical of the claims of the class, and the
representative parties will fairly and adequately protect the interests of the class. In addition,
Defendant has acted or refused to act on grounds generally applicable to the class, thereby
making appropriate final injunctive relief or corresponding declaratory relief with respect to the
class as a whole.

32.    Unless Defendant is enjoined and restrained from continuing the foregoing illegal
practices, Plaintiff and the class whom she represents will suffer substantial and irreparable
injury for which she has no adequate remedy at law.

## COUNT I --FDCPA

33.    Plaintiff realleges paragraphs 1-32 above.

34.    Defendant has violated the FDCPA. Defendant's violations include, but are not
limited to, the following:

a.    Threatening to take action that is not intended to be taken, in violation of
FDCPA § 1692e, 1692e(5) and 1692e(10);

b.    Threatening to take legal action that is not intended to be taken, in
violation of  FDCPA § 1692e, 1692e(5) and 1692e(10);

6

c.    Creating a false sense of urgency, in violation of FDCPA § 1692e(10);

d.    Accepting a check postdated by more than five days without notifying Plaintiff of Defendant's intent to deposit such check not more than ten nor less than three business days prior to such deposit, in violation of FDCPA § 1692f(2);

e.    Depositing a postdated check prior to the date on the check, in violation of FDCPA § 1692f(4);

f.    False, deceptive and misleading representations or means in connection with the collection of a debt, in violation of FDCPA §§ 1692e and 1692e(10); and

g.    Use of unfair or unconscionable means to collect or attempt to collect the alleged debt, in violation of FDCPA § 1692f.

## COUNT II — State Debt Collection Law

35.    Plaintiff realleges paragraphs 1-34 above.

36.    The actions and conduct of Defendant described above has failed to comply with and thereby violated the Massachusetts Consumer Protection Act and the Massachusetts debt collection laws and regulations promulgated thereunder, including but not limited to: M.G.L. ch. 93A § 2; 940 CMR 3.16(1), (3) and (4); ch. 93 §§ 49, 49(c); and 209 C.M.R. 18.21.

37.    Plaintiff has demanded relief from Defendant pursuant to M.G.L. ch. 93A § 9(3). Defendant provided no relief to the plaintiff.

38.    The conduct of the Defendant described above constituted a willful and knowing violation of the Massachusetts debt collection laws and the Massachusetts Consumer Protection Act, M.G.L. ch. 93A § 2.

## COUNT IV — M.G.L. ch. 93A

39.    Plaintiff realleges paragraphs 1-38  above.

7

40.     The actions and conduct of Defendant described above constitute unfair and deceptive acts and practices under the Massachusetts consumer protection act, in violation of M.G.L. ch. 93A § 2 and  940 CMR 3.16(1), (3) and (4).

41.     Plaintiff has demanded relief from Defendant pursuant to M.G.L. ch. 93A § 9(3). Defendant provided no relief to the plaintiff.

42.     The conduct of the Defendant described above constituted a willful and knowing violation of the Massachusetts Consumer Protection Act, M.G.L. ch. 93A § 2.

### PLAINTIFF'S DAMAGES

43.     As a result of Defendant's acts and practices described above, the Plaintiff suffered actual damages, including the amounts of the check paid by Citizens Bank, overdraft, insufficient funds and returned check charges, embarrassment, inconvenience and emotional distress.

44.     Defendant intended to cause Plaintiff emotional distress by its actions and conduct described herein.

45.     Plaintiff is entitled to her actual damages, an award of statutory damages, a declaration that Defendant's acts and practices described above are unlawful, costs and attorney's fees pursuant to FDCPA § 1692k.

46.     Plaintiff is also entitled to three times her actual damages plus costs and attorney's fees pursuant to M.G.L. ch. 93A § 9(3) and (4).

WHEREFORE, Plaintiff respectfully requests that this Court:

A.     Enter an order certifying this action as a class action;

B.     Enter injunctive and corresponding declaratory relief pursuant to M.G.L. ch. 93A § 9(1) establishing the foregoing conduct of Defendant to be unlawful, enjoining Defendant from

8

continuing to engage in said conduct, and granting such additional equitable relief as may be appropriate, including ordering Defendant to disgorge itself of all ill-gotten and illegal sums which it has collected as a result of its unlawful conduct.

  C.  Enter judgment for the Plaintiff against Defendant in the amount of her actual damages;

  D.  Enter judgment for the Plaintiff against Defendant for statutory damages pursuant to 15 U.S.C. § 1692k;

  E.  Enter judgment for the Plaintiff against Defendant pursuant to M.G.L. ch. 93A § 9(3) in the amount of three times her actual damages;

  F.  Award the Plaintiff her costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) and M.G.L. ch. 93A § 9(4); and

  G.  Grant such other and further relief as may be just and proper.

      Cindy G. McDonough, Plaintiff
      by her Attorney,

      Yvonne W. Rosmarin  BBO #566428
      Law Office of Yvonne W. Rosmarin
      58 Medford Street
      Arlington, MA 02474
      781-648-4040

### JURY DEMAND

Plaintiff demands trial by jury.

      Yvonne W. Rosmarin



**EXHIBIT 1**



CAPITAL ONE
11013 WEST BROAD ST
GLEN ALLEN VA 23060
07/31/2003

CINDY GAUDREAU MCDONOUGH
1101 S MAIN ST
ATTLEBORO MA 02703 7229

CHECK #: 382
ABA #:   211070175
000008 / 000204

DATE  07/31/2003

*************************801.00 DOLLARS    $    -+++801.00

Capital One (Collections)

CITIZENS BANK OF MASSACHUSETTS
BOSTON MA 02109

**EXHIBIT 2**