UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CINDY G. McDONOUGH, individually and on behalf of all others similarly situated,<br>　　　　　Plaintiff,<br><br>v.<br><br>RISK MANAGEMENT ALTERNATIVES, INC.,<br>　　　　　Defendant. | CIVIL ACTION NO: 03-12512-EFH |

## ANSWER

Defendant, Risk Management Alternatives, Inc. ("RMA"), by and through its undersigned counsel, hereby responds to the Complaint of Plaintiff, Cindy G. McDonough, individually and on behalf of all others similarly situated ("McDonough"), in accordance with her numbered paragraphs as follows:

### Preliminary Statement

1. No answer required. (As used herein the phrase "no answer required" shall mean that the paragraph contains conclusions of law and/or prayers for relief and not averments of fact as to which an admission or denial is required.) To the extent that an answer is required to this paragraph, RMA denies having engaged in any mistreatment of the Plaintiff as alleged, and therefore denies having violated any of the state or federal laws identified.

### Jurisdiction

2. No answer required.

1067275v1

### Parties

3. Without knowledge. (As used herein the phrase "without knowledge" shall mean that RMA is without sufficient knowledge or information necessary to form a belief as to the truth of the allegation.)

4. The first sentence is admitted. As to the second sentence herein, there is no answer required.

5. Admitted.

### Factual Allegations

6. RMA admits that during this timeframe, a male agent of RMA telephoned McDonough concerning her Capital One account. RMA denies any of the remaining averments contained herein.

7. RMA admits that an agent named Curtis Tutson ("Tutson") telephoned McDonough relating to her Capital One account in an attempt to collect a debt. RMA denies the remaining averments contained herein.

8. RMA admits that McDonough authorized a check by phone in the amount of $801.00 to be applied toward her Capital One account. RMA denies the remaining averments contained herein.

9. Denied.

10. Denied.

11. Denied.

12. RMA admits that McDonough authorized RMA to draw the post-dated check alleged herein. RMA denies the date, content and characterizations by McDonough of the so-called "above-referenced telephone conversation", which refers to ¶¶ 7 – 11.

13. Denied.

1067275v1

14. Denied.

15. Denied.

16. RMA admits that following July 31, 2003, the date identified by check number 382 in paragraph 12 above, McDonough did not authorize any further checks to be drawn. RMA denies that Plaintiff did not authorize any further checks at any time. On June 30, 2003, McDonough authorized a check by phone in the amount of $620.00, again relating to her Capital One account.

17. Denied.

18. As this paragraph purports to characterize the terms of a document, RMA refers this Court to the document itself and not to the Plaintiff's characterization of it. RMA denies any characterizations by the Plaintiff of Exhibit 1 inconsistent with the terms contained in it.

19. As this paragraph purports to characterize the terms of a document, RMA refers this Court to the document itself and not to the Plaintiff's characterization of it. RMA denies any characterizations by the Plaintiff of Exhibit 1 inconsistent with the terms contained in it.

20. As this paragraph purports to characterize the terms of a document, RMA refers this Court to the document itself and not to the Plaintiff's characterization of it. RMA denies any characterizations by the Plaintiff of Exhibit 1 inconsistent with the terms contained in it. Further answering, RMA states that Capital One was the payee, not RMA.

21. Without knowledge.

22. As this paragraph purports to characterize the terms of a document, RMA refers this Court to the document itself and not to the Plaintiff's characterization of it. RMA denies any characterizations by the Plaintiff of Exhibit 2 inconsistent with the terms contained in it.

23. As this paragraph purports to characterize the terms of a document, RMA refers this Court to the document itself and not to the Plaintiff's characterization of it. RMA denies any characterizations by the Plaintiff of Exhibit 2 inconsistent with the terms contained in it.

1067275v1

24. As this paragraph purports to characterize the terms of a document, RMA refers this Court to the document itself and not to the Plaintiff's characterization of it. RMA denies any characterizations by the Plaintiff of Exhibit 2 inconsistent with the terms contained in it. Further answering, RMA states that Capital One is the payee, not RMA.

25. Without knowledge.

26. Without knowledge.

27. RMA denies having made "attempts to make unauthorized withdrawals by check from Plaintiff's checking account". RMA is without knowledge as to whether Plaintiff had to close her account and open another account, but denies the characterization that it was because of RMA, or that it was "to prevent" RMA from making "additional unauthorized withdrawals".

28. RMA denies that such actions and conduct were ever taken, and therefore denies the remainder of this paragraph.

29. RMA denies that such actions and conduct were ever taken, and therefore denies the remainder of this paragraph.

## Class Action

30. No answer required.

31. No answer required. Further answering, RMA denies that such a class exists.

32. No answer required.

## COUNT I – FDCPA

33. RMA realleges and incorporates by reference the responses contained in paragraphs 1 through 32.

34. a. – g. No answer required. To the extent that an answer is required to this paragraph, including its subparts, RMA denies having engaged in any of the actions or conduct alleged by McDonough that is said to violate the sections identified herein of the FDCPA.

1067275v1

## COUNT II – State Debt Collection Law

35. RMA realleges and incorporates by reference the responses contained in paragraphs 1 through 34.

36. No answer required. To the extent that an answer is required to this paragraph, RMA denies having engaged in the actions and conduct complained of, and therefore denies having violated any of the sections identified herein of the Massachusetts Consumer Protection Act and/or Massachusetts debt collection laws.

37. As to the first sentence herein, no answer is required. RMA denies the second sentence herein.

38. No answer required. To the extent that an answer is required to this paragraph, RMA denies having engaged in the conduct complained of, and therefore denies having violated either the Massachusetts debt collection laws and/or the Massachusetts Consumer Protection Act.

## COUNT IV – M.G.L. ch. 93A

39. RMA realleges and incorporates by reference the responses contained in paragraphs 1 through 38.

40. No answer required. To the extent that an answer is required to this paragraph, RMA denies having engaged in the actions and conduct complained of, and therefore denies having committed any unfair and deceptive acts and practices contemplated by the Massachusetts Consumer Protection Act and sections therein.

41. As to the first sentence herein, no answer is required. RMA denies the second sentence herein.

42. No answer required. To the extent that an answer is required to this paragraph, RMA denies having engaged in the actions and conduct complained of, and therefore denies having violated the Massachusetts Consumer Protection Act in any respect.

### Plaintiff's Damages

43.    No answer required.

44.    It is denied that RMA engaged in the actions and conduct complained of, and therefore it is denied that RMA "intended to cause Plaintiff emotional distress".

45.    No answer required.

46.    No answer required.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Plaintiff's Complaint, in each count thereof and claimed therein, fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

Plaintiff's Complaint fails because McDonough, by and through her own actions and conduct, is estopped from asserting any such claims against RMA.

### Third Affirmative Defense

The Plaintiff has waived any claims she might otherwise have against RMA.

### Fourth Affirmative Defense

The Plaintiff's Complaint fails because at all relevant times, McDonough authorized the actions of RMA.

### Fifth Affirmative Defense

The Plaintiff's Complaint fails because RMA cannot be held responsible for the actions and conduct of third parties, including Citizens Bank and McDonough's husband.

### Sixth Affirmative Defense

The Plaintiff's Complaint must be dismissed by virtue of her own unreasonable delay.

### Seventh Affirmative Defense

The Plaintiff's Complaint fails by virtue of her own unclean hands.

### Eighth Affirmative Defense

The Plaintiff's Complaint must be dismissed because she has not suffered any actual damage because her account was charged-off.

### Ninth Affirmative Defense

The Plaintiff has initiated this lawsuit against RMA to accomplish an ulterior purpose for which our legal system was not intended and has, otherwise, committed an abuse of process.

### Tenth Affirmative Defense

The Plaintiff's Complaint fails because at all relevant times, she complained of bank errors and not the conduct of RMA. Plaintiff has therefore failed to join an indispensable third party.

### Eleventh Affirmative Defense

The Plaintiff's purported class action must be dismissed because she cannot establish questions of law or fact common to the alleged, unidentified members; plus, the claims of the representative plaintiff are not typical of the claims of the purported class due to her own extraordinary circumstances. The prerequisites to plaintiff maintaining a class action otherwise fail.

### Twelfth Affirmative Defense

The Plaintiff's purported class action must be dismissed because she cannot establish the impracticability of joining alleged, individual class members.

### Thirteenth Affirmative Defense

The Plaintiff's purported class action must be dismissed because McDonough, given her

facts and circumstance, does not adequately protect the interests of the alleged class.

                          **RISK MANAGEMENT
ALTERNATIVES, INC.,**

                          By its attorney,

                          /s/ Douglas B. Otto

                          Douglas B. Otto  (BBO# 555269)
                          **MORRISON, MAHONEY & MILLER, LLP**
                          250 Summer Street
                          Boston, MA 02210
Dated: 2/10/04                (617) 737-8873

## CERTIFICATE OF SERVICE

    I, Douglas B. Otto, do hereby certify that on this 10th day of February, 2004, I have served the within Answer by first class mail, postage prepaid, to Plaintiff's counsel as follows:

Yvonne W. Rosmarin, Esquire
**Law Office of Yvonne W. Rosmarin**
58 Medford Street
Arlington, MA 02474

                          /s/ Douglas B. Otto
                          Douglas B. Otto

1067275v1