IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CINDY G. McDONOUGH, )
individually and on behalf of all others )
similarly situated, )
        Plaintiff )
) No. 03-12512 EFH
    v. )
)
RISK MANAGEMENT ALTERNATIVES, INC., )
        Defendant )

## PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

The Plaintiff, Cindy G. McDonough, by her attorney, respectfully requests that this Court enter an order determining that this action may proceed as a class action pursuant to Fed. R. Civ. P. 23(b)(2) against Defendant and certifying a class with respect to Count II and Count III (misnumbered in Plaintiff's Complaint as Count IV) of Plaintiff's Complaint. Counts II and III are brought under the Massachusetts Consumer Protection Act, M.G.L. ch. 93A, which provides for injunctive and other equitable relief for its violation. Plaintiff seeks to enjoin Defendant from continuing to engage in the conduct alleged and such additional equitable relief as may be appropriate.

The class consists of all consumers residing in the Commonwealth of Massachusetts who, commencing four years before the date of filing of the Complaint in this action, have been or will be the objects of Defendant's unlawful debt collection efforts, alleged in the Complaint and specified *infra*.

In support of this motion, Plaintiff states as follows:

### NATURE OF THE CASE

1.    Defendant Risk Management Alternatives, Inc. (hereafter "RMA") is a Delaware corporation regularly engaged in the business of collecting debts in Massachusetts through the

use of, *inter alia*, telephone calls, letters, and solicitations for telephone authorization from consumers for RMA to draw a check on their checking accounts ("checks by phone") for payment of debts RMA is collecting.

2. Defendant RMA is required to comply with the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (FDCPA); the Massachusetts debt collection laws, M.G.L. ch. 93 § 24, *et seq.*, the Massachusetts Attorney General's and Banking Commissioner's Regulations promulgated thereunder, 940 CMR § 7.00 and 209 C.M.R. 18.00; and the Massachusetts Consumer Protection Act, M.G.L. ch. 93A and the Attorney General's General Regulations promulgated thereunder, 940 C.M.R. 3.00 (which make violation of the FDCPA and other federal consumer protection statutes a *per se* violation of M.G.L. ch. 93A), all of which prohibit debt collectors from engaging in abusive, deceptive, unconscionable and unfair practices.

3. In its collection practices, RMA engages in the following conduct with consumers, which occurred in the Plaintiff's case:

   a. Threatening to take action, including legal action, that RMA does not intend to take;

   b. Threatening to take action, including legal action, that RMA does not intend to take so that consumers will authorize RMA to use checks by phone;

   c. Requesting and accepting postdated checks by phone;

   d. Depositing and/or negotiating postdated checks by phone prior to the date for which the checks were actually authorized;

   e. Requesting and accepting postdated checks by phone without notifying consumers of RMA's intent to deposit and/or negotiate such checks prior to the date for which

the check was actually authorized;

      f.    Depositing and/or negotiating checks by phone that were not in fact authorized or after the consumers' authorizations have been withdrawn; and

      g.    Depositing and/or negotiating the same checks by phone more than once.

4.    The above-described conduct violates the FDCPA and Massachusetts debt collection laws and, thereby, violates M.G.L. ch. 93A § 2.

5.    Through this class action, Plaintiff seeks to enjoin such illegal conduct.

## CLASS CERTIFICATION REQUIREMENTS

6.    All requirements of Fed. R. Civ. P. Rules 23(a) and 23(b)(2) have been met.

7.    Based on published statistics regarding the size of RMA, and on RMA's use of standardized collection practices, the class is so numerous that joinder of all members in impractical.

8.    There are questions of law and fact common to the class members, which questions predominate over any questions affecting only individual class members. The principal questions presented are:

      a.    Whether RMA threatens to take action, including legal action, that RMA does not intend to take;

      b.    Whether RMA threatens to take action, including legal action, that RMA does not intend to take so that consumers will authorize RMA to use checks by phone;

      c.    Whether RMA requests and accepts postdated checks by phone;

      d.    Whether RMA deposits and/or negotiates postdated checks by phone prior to the date for which the check was actually authorized;

      e.    Whether RMA requests and accepts postdated checks by phone without

3

notifying consumers of RMA's intent to deposit and/or negotiate such checks prior to the date for which the check was actually authorized;

    f.    Whether RMA deposits and/or negotiates checks by phone that were not in fact authorized or after the consumers' authorizations have been withdrawn;

    g.    Whether RMA deposits and/or negotiates the same checks by phone more than once; and

    h.    Whether the above-described conduct of RMA is otherwise unfair, deceptive or unreasonable.

9.    Plaintiff's claims are typical of those of the class members. All are based on the same factual and legal theories.

10.    Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in bringing class actions and consumer claims. Attached as **Exhibit 1** is the declaration of Plaintiff's counsel.

11.    RMA has acted on grounds generally applicable to the class, thereby making appropriate final injunctive relief with respect to the class as a whole.

12.    These grounds are further explained and supported by the accompanying memorandum of law.

WHEREFORE, Plaintiff respectfully requests that this Court enter an order determining that this action may proceed as a class action.

Dated: April 27, 2004

                                             Yvonne W. Rosmarin  BBO #566428
                                             Law Office of Yvonne W. Rosmarin
                                             58 Medford Street
                                             Arlington, MA 02474
                                             781-648-4040

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail on __4/27/04__.

_____
Yvonne W. Rosmarin