IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CINDY G. McDONOUGH, )<br>individually and on behalf of all others )<br>similarly situated, )<br>        Plaintiff )<br> )<br>v. )<br> )<br>RISK MANAGEMENT ALTERNATIVES, INC., )<br>        Defendant ) | No. 03-12512 EFH |

### JOINT MOTION TO APPROVE SETTLEMENT AGREEMENT

Plaintiff Cindy G. McDonough, individually and on behalf of all others similarly situated, and Defendant, Risk Management Alternatives, Inc. ("RMA"), pursuant to Fed. R. Civ. P. 23(e), move this Court to approve the Settlement Agreement between the parties attached hereto as **Exhibit 1**. In support of this motion the parties state as follows

    1.    This action was brought pursuant to the federal Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereafter "FDCPA"), with supplemental State law claims under the Massachusetts debt collection laws, M.G.L. ch. 93 § 24, *et seq.*, the Massachusetts Banking Commissioner's Regulations promulgated thereunder, 209 C.M.R. 18.00; and the Massachusetts consumer protection act, M.G.L. ch. 93A and the Attorney General's General Regulations promulgated thereunder, 940 C.M.R. 3.00. Plaintiff brought this action individually on her own behalf for damages and as a class action on behalf of all Massachusetts consumers for declaratory and prospective injunctive relief only, relating to certain of defendant's practices. Defendant has denied engaging in any such practices. However, since settlement has been reached early in the litigation, the class had not yet been certified and the settlement agreement encompasses relief of the nature sought that would benefit the entire proposed class if Plaintiff's allegations have merit.

2. Plaintiff and Defendant have reached an agreement in which, without admitting any wrongdoing, Defendant has agreed that it will not request or demand from any Massachusetts resident a postdated check (in any form), draft, order for withdrawal or other similar instrument in payment and will not negotiate such instruments before the due date of the instrument in its future debt collection efforts for as long as 209 C.M.R. §§ 18.17(3), 18.17(4) and/or 940 C.M.R. § 7.09 (or renumbered sections containing substantially the same provisions) remain in effect. This agreement is set forth in the Settlement Agreement attached hereto as **Exhibit 1** at ¶ 3.

3. Given the nature of the relief requested and the agreement, there is no need for notice to the class of the Settlement Agreement.

WHEREFORE, the parties respectfully requests that this Court enter the proposed order approving the settlement agreement of the parties.

s/ Yvonne W. Rosmarin  
Yvonne W. Rosmarin    BBO # 566428  
Attorney for the Plaintiff  
Law Office of Yvonne W. Rosmarin  
58 Medford Street  
Arlington, MA 02474  
781-648-4040  

s/ Douglas B. Otto (yr)  
Douglas B. Otto   BBO # 555269  
Attorney for the Defendant  
Morrison, Mahoney LLP  
250 Summer Street  
Boston, MA 02110  
617-737-8873

# **EXHIBIT 1**

SETTLEMENT AGREEMENT

This Settlement Agreement is between Cindy G. McDonough of Attleboro, Massachusetts ("McDonough") and Risk Management Alternatives, Inc. ("RMA"), and is binding upon their respective agents, attorneys, insurers, affiliates, employees, heirs, executors, legal representatives, successors and assigns. In addition, this Settlement Agreement is intended to bind McDonough's spouse, as well as RMA's officers, directors and shareholders. In consideration for their mutual promises made in this agreement, the parties agree as follows:

1. McDonough, her spouse, agents, assigns and legal representatives agree to release RMA and its agents, attorneys, employees, legal representatives, successors, assigns, officers, directors, shareholders, affiliates, subsidiaries, parents and insurers from all claims that McDonough currently has arising out of any debt collection activity by RMA regarding the alleged debt to Capital One, involved in *McDonough, et al. v. Risk Management Alternatives, Inc.*, No. 03-12512 in the U.S. District Court for the District of Massachusetts ("the Lawsuit") and to dismiss that case with prejudice after timely receipt of all settlement proceeds and all documentation referred to in this settlement.

2. RMA agrees to pay McDonough $14,500.00 and to deliver payment to McDonough's attorney, Yvonne W. Rosmarin, at 58 Medford Street, Arlington, MA 02474 within 14 days of this Court's entry of allowance or approval of the parties' joint motion.

3. Without admitting any liability, RMA agrees that it will not request or demand from any Massachusetts resident a postdated check (in any form), draft, order for withdrawal or other similar instrument in payment and will not negotiate such instruments before the due date of the instrument for as long as 209 C.M.R. §§ 18.17(3), 18.17(4) and/or 940 C.M.R. § 7.09 (or renumbered sections containing substantially the same provisions) remain in effect.

4. RMA agrees to send an original of the executed Settlement Agreement to Yvonne W. Rosmarin, attorney for McDonough, within three (3) days of receipt of this Settlement Agreement signed by McDonough. A facsimile signature by McDonough is acceptable as receipt. The original will be sent subsequently to RMA.

5. McDonough agrees to keep the settlement amount confidential. McDonough acknowledges that keeping the amount confidential is a critical condition and consideration for RMA entering into this Settlement Agreement. Except to their respective directors, shareholders, security holders, attorneys, insurers or tax advisors and except as required by law, legal process, court order, regulation or financial reporting requirements, the parties, on behalf of themselves, their successors, heirs, attorneys, administrators and assigns, and past or present agents or representatives, hereby covenant and agree not to disclose or divulge, directly or indirectly, whether personally or through other persons or entities the monetary terms of this Settlement Agreement, to any third party, including, without limitation, the press, the public, professional associations, other attorneys or anyone not necessarily connected with the Settlement Agreement.

6. Except as required by law, legal process, court order, regulation or financial reporting

Settlement Agreement
*McDonough, et al. v. Risk Management Alternatives, Inc.*, No. 03-12512
Page 2

requirements, the parties shall direct their respective counsel and their tax advisors to refrain from making public or publicizing in any manner to any person other than in confidence as necessary for purposes of approval, implementation and/or enforcement of this Settlement Agreement, or to accountants or others as necessary for the preparation of tax information or financial information required by law, legal process, court order, regulation or financial reporting requirements, the monetary terms of this Settlement Agreement.

7. Any disclosure made by any party to this Settlement Agreement, individually or otherwise, as set forth above, shall be made only with the agreement of the person receiving the information to keep it confidential except as to the extent that disclosure is required by law, legal process, court order, regulation or financial reporting requirements.

8. Although no class has yet been certified, this Settlement Agreement is submitted to the Court for its approval pursuant to Federal Rule of Civil Procedure 23(e).

9. This Settlement Agreement may be executed in multiple and separate counterparts, each of which when taken together shall be deemed an original.

Risk Management Alternatives, Inc.

By: _____    Its: _____    Date: _____
[Please type or print name above]

_____
[Please sign here]

_____    Date: 03·27·05
Cindy G. McDonough

_____    Date: 3/29/05
William A. McDonough, Jr.

Settlement Agreement
*McDonough, et al. v. Risk Management Alternatives, Inc.*, No. 03-12512
Page 2

requirements, the parties shall direct their respective counsel and their tax advisors to refrain from making public or publicizing in any manner to any person other than in confidence as necessary for purposes of approval, implementation and/or enforcement of this Settlement Agreement, or to accountants or others as necessary for the preparation of tax information or financial information required by law, legal process, court order, regulation or financial reporting requirements, the monetary terms of this Settlement Agreement.

7.      Any disclosure made by any party to this Settlement Agreement, individually or otherwise, as set forth above, shall be made only with the agreement of the person receiving the information to keep it confidential except as to the extent that disclosure is required by law, legal process, court order, regulation or financial reporting requirements.

8.      Although no class has yet been certified, this Settlement Agreement is submitted to the Court for its approval pursuant to Federal Rule of Civil Procedure 23(e).

9.      This Settlement Agreement may be executed in multiple and separate counterparts, each of which when taken together shall be deemed an original.


Risk Management Alternatives, Inc.

By: _Santhia Curtis_  Its: _General Counsel_    Date: _3/29/05_
[Please type or print name above]

_/s/ Curtis_
[Please sign here]


_____                Date:_____
Cindy G. McDonough


_____                Date:_____
William A. McDonough, Jr.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CINDY G. McDONOUGH,<br>individually and on behalf of all others<br>similarly situated,<br>        Plaintiff<br><br>v.<br><br>RISK MANAGEMENT ALTERNATIVES, INC.,<br>        Defendant | No. 03-12512 EFH |

## ORDER

This matter coming before the Court on the parties' Joint Motion to Approve Settlement Agreement, the Court having reviewed the parties' motion and the Settlement Agreement attached thereto as **Exhibit 1**, the parties' Settlement Agreement is hereby approved.

Dated: _____    Entered: _____
                                                                     Edward F. Harrington
                                                                       United States District Judge